## FOGARTY *vs.* FINLAY.

### *Twelfth Judicial District Court, May,* 1857.

#### ACKNOWLEDGEMENTS.

It seems that a Notary Public is not responsible for a defective acknowledgement where the party or his attorney.prepared the acknowledgement and merely directed the Notary to sign it.

A County Recorder is required to see that acknowledgements are properly executed before he puts them on record, and should refuse to receive for record an improper and defective acknowledgement.

A party will not be allowed to recover damages against a Notary Public for an improper or defective acknowledgement, when he has exhibited on his part an ignorance of the requirements of the law, and a want of diligence in being properly informed thereupon.

The plaintiff had a mortgage, dated 12th May, 1854, for $800, made by one C. A. Dupuy, and acknowledged before defendant Finlay. The mortgage was recorded on the 23d May, 1854.

On the 21st April, 1854, the same property had been mortgaged by Dupuy to Lewis Wolf, for $1800, which mortgage was recorded on the same day the mortgage was made.

On the 3d November, 1854, a satisfaction of the mortgage to plaintiff, purporting to be executed by him and acknowledged before G. J. Hubert Sanders was placed on record.

On the 7th April, 1855, a satisfaction of the mortgage to Wolf was made and recorded, and a new mortgage to take its place for $2500, being $700 in addition to the old mortgage, was made and recorded.

In the spring of 1855, G. J. Hubert Saunders left this city to escape trial for forgery.

In July, 1855, Fogarty commenced a suit for the foreclosure of his mortgage, in the Superior Court. On the trial of that cause, two issues were determined—first that the mortgage to Fogarty was genuine ; and second, that the satisfaction filed of that mortgage placed on record was a forgery; foreclosure of the mortgage was consequently ordered.

In October following, Wolf commenced suit in the Twelfth District Court, for foreclosure of his mortgage, making Fogarty a party, and alleging that Fogarty's mortgage was second to his.

On the trial of this case, Fogarty's mortgage being offered in evidence, as a properly acknowledged and recorded instrument, giving notice of its contents, it was objected to on the ground that the Notarial certificate was defective, it not stating that Dupuy was known or proved to the Notary to be the person who executed the instrument, and consequently was not entitled to be recorded.

The Court sustained the objection, and rejected the mortgage, and Fogarty being unable to prove notice in fact of the existence of his mortgage to Wolf, judgment of foreclosure in Wolf's favor followed. The Supreme Court on appeal sustained the opinion on the question of the insufficiency of the Notarial certificate, and the property was exhausted in satisfying Wolf's mortgage.

Fogarty then brought the suit against Finlay, the Notary who made the defective certificate, and the sureties on his official bond, claiming to receive from them the amount of his mortgage, interest, and costs and counsel fees in the suits in the Superior and Twelfth District Courts before mentioned.

The defendants put in issue the genuineness of the mortgage and release, which were determined by the jury in the same way as in the Superior Court.

*Hoge & Wilson*, for plaintiff.

*Shepard & Woodyard*, and *C. V. Grey*, for defendant.

NORTON, J.—The facts in this case being found by the jury, there remains but two questions which have been argued at law upon which I am called to decide. First, whether the plaintiff can recover against the Notary who is defendant; and secondly, what are the proper damages, if he should recover.

On the trial it appeared that the defective certificate of acknowledgement was made on a printed form, accompanying the mortgage, and the filling in of that certificate, even including the words "Notary Public" at the foot, was in the hand-writing of G. J. Hubert Sanders, the certificate being apparently prepared, so that all that the Notary had to do was to sign his name and affix his seal after taking the acknowledgment. It was also in proof that the plaintiff had employed

Sanders as his attorney and agent in making this loan, and that Sanders had taken Dupuy to Finlay's office, where the acknowledgment was made. It also appeared that the prior mortgage to Wolf had precisely the same defect in the acknowledgment as this of Fogarty's. Under these circumstances I should hesitate somewhat in allowing the plaintiff to recover damages from the Notary for making as it appeared just such an acknowledgment as was prepared and delivered by the plaintiff through his attorney and agent. I also have some doubt whether, under the circumstances of the prior mortgage to Wolf, the plaintiff by his mortgage had anything pledged beyond the equity of redemption; and I hardly think, presuming the plaintiff have any right to such damages as he claimed, whether he would be entitled to anything more than the difference between the value of the property and the amount rendered necessary to satisfy the first mortgage; but inasmuch as the decision will be taken to a higher Court for review, I shall not base my opinion upon this ground alone but will pass to another and more important point.

It has been argued strenuously by the plaintiff that the Notary held himself out as competent, and contracted to give such a certificate as would entitle the instrument to be placed upon record, and that consequently, if he failed he was liable for all loss. I think the liability does not extend so far. Indeed, looking at this case throughout, I think the County Recorder is more directly the cause of the loss of the plaintiff than the Notary. A certificate might be required and be used for other purposes than that of recording; that was only one of the objects of acknowledging deeds. It might be simply to prove a signature when a record of it would not imply any notice or be of any possible avail. The Notary only contracted to give a certificate, not to put it on record. But it is the County Recorder's duty only to place on record such deeds as were properly acknowledged. Had he, when the plaintiff took the deed to him for record, pointed out the defective certificate, the plaintiff's attention would have been directed to it then, supposing him previously to have been ignorant, or not to have noticed the peculiarity of the acknowledgment. The case seemed to him to resemble very much the one which had been cited in the argument, where a Postmaster was sued for loss alleged to have been sustained by delay in the delivery of a letter. The plaintiff in

that suit, had he known (as he was presumed to know,) the law and his rights, and that he could have fixed the liability of a prior endorser, by sending a special messenger the same day he received the letter, and not waiting until the next day's mail, he would not have sustained any loss. The Postmaster therefore, was held not to be responsible for loss sustained in consequence of the plaintiff not sending notice by special messenger after the departure of the mail, although he had detained the letter to plaintiff giving him notice of nonpayment of the note, so that he could not send notice by mail as the law required. So in this case, had the plaintiff not slept on his rights, or had he been been awakened to them by the Recorder, pointing out the defect in the certificate, he could have had the defect supplied or remedied by a new acknowledgment; and it was nearly a year after the making of his mortgage before the one which was foreclosed and took precedence of his was made and recorded. I must therefore hold that plaintiff is not entitled to recover more in any case than the cost of the certificate; and as proof was not made by the plaintiff of the value, and it appeared that no new certificate was made, and the plaintiff did not desire a judgment if that was all he could get, as it would not carry costs, I must give judgment for the defendant.